# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 30, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| DEBRA WHARTON, | * | Unpublished |
| *guardian of the estate of B.W.,* | * | |
| | * | |
| Petitioners, | * | No. 18-1198V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Christina Ciampolillo,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Mark K. Hellie,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS

On February 15, 2023, Debra Wharton, the guardian of the estate of B.W., ("petitioner"), filed a motion for interim attorneys' fees and costs. Petitioner Interim Fees Application ("Int. Fee App.") (ECF No. 77). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and finds that an award of $84,613.98 is reasonable for interim attorneys' fees and costs.

### II. Procedural history

On August 13, 2018, petitioner filed her petition in the National Vaccine Injury Compensation Program.[1] Petition (ECF No. 1). Petitioner alleges that as a result of B.W. receiving the human papillomavirus ("HPV") vaccine on August 21, 2015, suffered a neurological injury. *Id.* at Preamble. Petitioner filed supporting medical records through March 28, 2019.

On February 24, 2020, petitioner filed an expert report from Dr. Mahbubul Huq. Petitioner Exhibit ("Pet. Ex.") 21 (ECF No. 34). Petitioner also filed supporting medical literature the same day. *See* Pet. Exs. 23-114. Respondent filed an expert report from Dr. MacGinnitie on June 2, 2020. Respondent ("Resp.") Ex. A (ECF No. 48). Respondent also filed an expert report from Dr. Linnoilia on August 10, 2020. Resp. Ex. S (ECF No. 51). The same day, respondent filed the Rule 4(c) report, recommending against compensation.

The undersigned held a Rule 5 Status Conference on November 5, 2020 and ordered petitioner to file a supplemental expert report if she wanted to continue to pursue this case. Scheduling Order (ECF

---

[1] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

No. 60). Petitioner filed a supplemental expert report from Dr. Huq on March 19, 2021. Respondent filed a responsive expert report from Dr. Linnoilia on November 19, 2021. Resp. Ex. U (ECF No. 73). The undersigned held another status conference on July 13, 2022. Scheduling Order (ECF No. 75). The parties indicated that they wanted to proceed to an entitlement hearing. *Id.* A hearing order was issued setting an entitlement hearing for October 2-3, 2023.

On February 15, 2023, petitioner filed this instant motion for interim attorneys' fees and costs. Int. Fee App. Petitioner is requesting $53,109.90 in attorneys' fees and $31,504.08 in attorneys' costs, for a total of $84,613.98. *Id.* at 2. Respondent filed a response on March 1, 2023, stating that the respondent "defers to the Special Master to determine whether or not petitioner has met her legal standard for an interim fees and costs award," and that respondent "requests that the Court exercise its discretion regarding petitioner's request for an award of interim attorneys' fees and costs." Resp. Response at 3-4.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A. Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith. Further, petitioner has a belief that the HPV vaccine has been the cause of B.W.'s neurological condition, thus she has satisfied the good faith requirement.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed Cl. 297, 303 (2011)). Petitioner filed accompanying medical records to support her petition, in addition, to filing reports from an expert to support her claim for vaccine causation. As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B. Interim awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372

(Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/or the aggregate amount of expert costs is less than $15,000.00.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

This case has been pending since 2018 and the amount of attorneys' fees and attorneys' costs requested by petitioner exceeds the amounts discussed above.  Further, additional fees and costs are likely to be incurred in this claim, as an entitlement hearing is set for October 2023, which may require the drafting of pre-and-post hearing briefs, as well as costs incurred due to petitioner's expert testifying at the hearing.  As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable attorneys' fees and costs

#### A.  Legal standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs.  The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

In this case, petitioner requests various rates of compensation for the attorneys who have worked on her case at the Conway Homer firm, including Ms. Christina Ciampolilo, Mr. Ronald Homer, and Ms. Meredith Daniels, along with multiple paralegals at the firm.  The hourly rate requested by petitioner for the personnel working on her case are consistent with the hourly rates that have been previously awarded to Conway, Homer P.C. attorneys and staff for their work by myself and other special masters.  Accordingly, no adjustment to the requested rates is necessary.

### C.  Hours expended

A line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

Petitioner has also submitted a detailed invoice from Conway, Homer, P.C.  The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended.  Based on my experience and my familiarity with the work performed in this case, the hours expended on this case appear to be reasonable.  Thus, petitioner's request for interim attorneys' fees will be awarded in full.

### C.  Attorneys' costs

Like attorneys' fees, costs incurred by counsel or petitioners themselves must be reasonable to be reimbursed by the Program.  *Perreira*, 27 Fed. Cl. Ct. 29, 34.  Petitioner is requesting a total of $31,504.08 in attorneys' costs.  Int. Fees App. at 2.  These costs include obtaining medical records, postage, obtaining medical literature, copies, the filing fee, and retaining an expert.  *Id.* at 32.  The bulk of petitioner's costs request is to reimburse Dr. Huq for the work that he has performed.  Specifically, petitioner is requesting that Dr. Huq be compensated $29,750.00 for his review of the case and his two expert reports.  Dr. Huq has provided a detailed invoice, which indicates that he has spent 59.5 hours on this case and charges $500.00 per hour for his work.  *Id.* at 60.  I find Dr. Huq's rate reasonable, as it is comparable to other medical experts that have provided expert opinions in the Vaccine Program and have similar qualifications as him.  *See Agarwal v. Sec'y of Health & Human Servs.*, No. 16-191V, 2019 WL 2281744 (Fed. Cl. Spec. Mstr. Apr. 23, 2019).  Further, the hours he has expended on this matter are reasonable, given the volume of medical records involved in reviewing B.W.'s condition, the number of reports he has written, and the expert reports he has had to review from respondent.  Thus, petitioner's interim attorneys' costs shall be awarded in full.

4

**IV. Conclusion**

In accordance with the foregoing, petitioner's motion for interim attorneys' fee and costs is **GRANTED.**  Therefore, I award the following in interim attorneys' fees and costs:

A) **A lump sum payment of $84,613.98, representing reimbursement for interim attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's attorney, Ronald C. Homer of Conway, Homer, P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[2]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[2] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).